## 23317. BELL *v.* PROTHRO.

DECIDED FEBRUARY 6, 1934.

*Paul T. Chance,* for plaintiff in error. *J. A. Merritt,* contra.

MacINTYRE, J. Prothro sued Bell on a check issued to him by Bell in the sum of $74.40. Bell answered the suit, admitting the indebtedness and that the same was based on a valid consideration, but pleaded a set-off. His answer was as follows: "1. Defendant denies that he is indebted to the plaintiff in the sum of $74.40, or that he is indebted to the plaintiff in any sum whatsoever. On the contrary, defendant says that the plaintiff is indebted to this defendant in the sum of $21.38 over and above plaintiff's claim, under the terms and conditions of a settlement entered into and consummated by and between plaintiff and defendant on January 5, 1932, as will hereinafter appear. 2. Defendant shows that he, having a claim against the plaintiff herein in the sum of $114.28, filed suit on the said claim to the November term, 1931, of the superior court of Richmond county; the said claim being one of assumpsit upon open account indebtedness; that the present plaintiff, W. E. Prothro, recognizing the justness and fairness of said claim, did agree to do certain hauling for defendant, in or to liquidate and settle the said claim. 3. That in pursuance of said agreement and understanding, plaintiff did haul for this defendant certain freight from Savannah, Georgia, to Augusta; the carrying charges therefor being the sum of $74.40. Thereafter, to-wit, on January 5, 1932, the aforesaid suit being ready for trial at the January term, 1932, of said superior court, the plaintiff, acting by and through his agent Weigle, came to the office of this defendant in the Herald Building, and did then and there state to this defendant that they desired to settle up the balance due on plaintiff's claim, provided certain concessions or credits would be allowed by this defendant on his claim against the said Prothro. After going over the matter and discussing the same with the said Weigle, defendant finally agreed to reduce and settle his claim for the sum of $95.78, and which the plaintiff, acting through his said agent, did then and there agree to pay. The said terms of settlement being agreed upon, plaintiff's said agent then and there suggested that, in order to keep the records straight, for the defendant to give them a check for the aforesaid $74.40, the amount of said carrying charges, and that he would take the same to his principal,

W. E. Prothro, and procure a check from him, payable to this defendant for the amount of defendant's claim, to-wit, $95.78. That defendant agreed to this, and thereupon issued his check to the said W. E. Prothro for the sum of $74.40 and delivered the same over to the said agent. The defendant thereupon wrote the said W. E. Prothro, advising him fully of the terms and conditions of the said settlement and the terms upon which the said check was issued to him, by letter dated January 5, 1932. That the defendant, W. E. Prothro, being thus fully advised of the terms and conditions of the said settlement and the terms upon which the said check was issued, accepted the said check, and deposited it in bank for collection, but failed to mail or deliver to this defendant his check as agreed upon, for the sum of $95.78. That this defendant, not receiving the said check as agreed upon, held up payment of his own check pending the delivery of plaintiff's check, and this defendant has, ever since said settlement was made, been ready, and stands ready now to live up to and carry out said settlement agreed upon. That the said W. E. Prothro still retains the said check evidencing the said settlement, and by his acts and conduct has ratified the said settlement by retaining the said check and now suing on the same. That because of the settlement and liquidation of the said mutual indebtedness as aforesaid between the plaintiff and this defendant, defendant was unable to maintain his aforesaid action in the superior court, and was cast in said case. A copy of all the proceedings in said case is hereto attached, and made a part hereof. That the plaintiff W. E. Prothro is therefore indebted to this defendant, over and above the amount of the present suit, in the sum of $21.38, and which defendant sets up as a counter-claim." The remainder of the answer sets up that the plaintiff has been stubbornly litigious in failing and refusing to live up to his agreement, and prays for the sum of $25.00 as expenses in the nature of a penalty and the sum of $21.38, the amount that defendant's alleged set-off exceeds plaintiff's claim. The trial judge sustained a motion to strike the answer, in the nature of a demurrer; to which action the defendant excepted.

There appears attached to the answer of the defendant, as an exhibit, a copy of the original suit brought by defendant against plaintiff in the sum of $114.28, and all the proceedings had thereon in the superior court. A verdict in the original suit seems to have

been rendered by a jury on May 18, 1932, as follows: "We, the jury, find for the defendant. W. T. Neill, Foreman. May 18, 1932." Upon the state of the record as it appears in this court, we think the action of the trial judge in striking the above-quoted answer of the defendant was correct. In considering the correctness of the action of the trial judge in striking the answer, which is excepted to, the question arises: Does the answer set up a valid defense to the action? The defect in the answer appears in an exhibit attached thereto. The verdict above quoted, which, in so far as the record discloses, was had after the trial of the original suit on its merits, and the judgment that necessarily followed, being rendered by a court of competent jurisdiction, are conclusive on the parties as to the issue of indebtedness on the original sum of $114.28, between defendant and plaintiff, until set aside. As we construe the answer of the defendant, the gist of his defense is based upon an agreement, entered into between himself and the plaintiff, in the nature of a compromise of the original suit filed by him at the November term of the superior court of Richmond county. This agreement can not be made a defense to the suit sub judice. The verdict of the jury necessarily adjudicated that a compromise of said suit was not made, or, if made, was not relied upon. The facts as pleaded by the defendant and the exhibit attached to the answer show conclusively that the defendant elected not to rely on the new agreement as a settlement of the original indebtedness, but, on the other hand, elected to pursue his original suit, "and was cast in said case." It follows, therefore, that the defendant can not now rely on such agreement, which he before elected not to stand on, and offer it as a defense to the check given the plaintiff which was based on a valid consideration. If the original suit had been dismissed by plaintiff, or if it appeared in the record of the original proceedings that judgment was had for the defendant by consent of plaintiff by reason of the agreement made, a different question would be presented. However, this does not appear, for, in so far as the record discloses, trial was had thereon on the merits and a verdict rendered in favor of the defendant. If the defendant in the original controversy (the plaintiff here) had offered to perform his part of the agreement by tendering to plaintiff (defendant) a check, he could have pleaded such agreement as a bar to further proceedings in that suit, but he

too having elected not to rely thereon, by failing to perform or offer to perform his part of the agreement, he could not have legally set such agreement. up in bar to the original suit. The entire matter set up in the defendant's answer, therefore, is res judicata by the verdict in the original suit, and therefore sets up no defense to the case at bar.

Judgment affirmed. *Broyles, C. J., and Guerry, J., concur.*